UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE LORENA RODRIGUEZ RODRIGUEZ,<br><br>                    Petitioner,<br><br>      v.<br><br>POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator,<br><br>                    Respondents. | No.  1:25-cv-01111-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

    Petitioner Angie Lorena Rodriguez Rodriguez is a former immigration detainee proceeding with a petition for writ of habeas corpus.  The Court previously granted a preliminary injunction in this case, finding that petitioner was likely to succeed on the merits of her claim that her re-detention without a pre-deprivation bond hearing violated her rights under the Due Process Clause of the Fifth Amendment.  *See* Doc. 15 at 8–12.

    In their response to the Court's order to show cause why the Court should not grant a preliminary injunction, respondents stated that their response was "also submitted in response to the habeas petition" and that they "request[ed] that the petition be denied on the merits."  Doc. 10 at 2.  The Court has evaluated the petition, the parties' arguments, and the record in this case.  The Court finds, for the reasons addressed in the Court's order granting a preliminary injunction,

1

s*ee* Doc. 15 at 8–12, that petitioner's re-detention without a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.[1]

Accordingly, the petition for writ of habeas corpus, Doc. 1, is GRANTED. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner without at least ten days' notice and unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   January 22, 2026

UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief she seeks based on the Court's ruling on this claim.

2