# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE LORENA R.R.,[1]<br><br>Petitioner,<br><br>v.<br><br>POLLY KAISER, et al.,<br><br>Respondents. | Case No. 1:25-cv-1111-KES-SAB-HC<br><br>**FINDING AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR EAJA FEES PURSUANT TO 28 U.S.C. §2412**<br><br>**(ECF No. 20)** |

Petitioner is a former federal detainee proceeding by counsel, who initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is the motion of Petitioner's counsel for the award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 20.) The Government does not oppose Petitioner's request.[2] Having reviewed the record, the Court recommends granting Petitioner's motion.

///

///

[1] The Court partially redacts Petitioner's name to mitigate privacy concerns, as recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum Re: Privacy Concern Regarding Social Security & Immigration Opinions (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. For privacy reasons, the Court refers to petitioners by first name and last initial or as "Petitioner."

[2] The Government filed no opposition within the required time limit. LR 230.

## I.

## BACKGROUND

Following the parties' briefing on Petitioner's application for temporary restraining order, on September 2, 2025, the Court granted the restraining order in part after finding that Petitioner was likely to prevail on her claim that her immigration detention by Respondents violated her procedural due process rights under the Fifth Amendment to the U.S. Constitution. (ECF No. 6.) The Court ordered Respondents to release Petitioner immediately on her own recognizance and ordered the Government to show cause why a preliminary injunction should not issue. (Id.)

On the merits of the petition, the parties largely rested on their arguments considered in connection with Petitioner's motion for preliminary injunction. (ECF No. 10.) On October 8, 2025, the Court granted a Preliminary Injunction. (ECF No. 15.) On January 23, 2026, the Court granted the Petition for Writ of Habeas Corpus. (ECF No. 17.) On the same day, Judgment for Petitioner was entered. (ECF No. 18.)

## II.

## DISCUSSION

The EAJA creates a presumption that reasonable attorney fees will be awarded to a prevailing party in an action against the United States, unless the United States shows that its position in the litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A); Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). However, even where the United States fails in its burden, a fee award is not automatic. A prevailing party still "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); *see also* 28 U.S.C. § 2412 (d)(1)(B). Further, the Court has considerable discretion regarding fee awards, as it considers the particular facts of each case to "determine what constitutes a reasonable fee award under the EAJA." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). Costs may be awarded pursuant to 28 U.S.C. § 1920.

In determining whether the requested fees are reasonable, the Court starts with determining "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (cleaned up). The Ninth Circuit sets EAJA statutory maximum attorney hourly rates; it has set the maximum rate at $258.46 for 2025 and 2026.[3] As to the number of hours, the Court generally defers to the prevailing attorney's professional judgment as to the amount of time necessary to prepare for the case. Costa, 690 F.3d at 1136. When a litigant has assigned her right to receive the fee award to counsel, EAJA fees may be paid directly to the attorney. Astrue v. Ratliff, 560 U.S. 586, 596–98 (2010).

**A. Analysis and Recommendation**

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See* Thangaraja v Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005); "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited Nov. 12, 2026). This maximum rate (presently $258.46) controls unless the district court finds that a "special factor" warrants a higher rate, Sorenson, 239 F.3d at 1145, such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan, 792 F.2d 762, 766 (9th Cir. 1985).

Here, Respondents do not contest the reasonableness of the amount of fees requested by counsel for Petitioner, nor does the Petitioner request an amount higher than the statutory maximum.

EAJA fees have been awarded or recommended to be awarded in the past in this district in similar immigration habeas petition cases. *See* Doe v. Chestnut, No. 1:25-CV-01372-CDB, 2026 WL 1459808, at *1 (E.D. Cal. May 25, 2026) (order awarding $34,518.77 in EAJA fees and expenses); N.A.L.C. v. Wofford, No. 1:25-CV-01917-KES-CDB (HC), 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026)( Finding and Recommendation to award $7,685.00 in EAJA fees and expenses); Colina-Meira v. Lyons, No. 1:25-CV-1716 CSK, 2026 WL 2583023, at *2 (E.D.

[3] https://beta.ca9.fedcourts.us/attorneys/statutory-maximum-rates/ (last viewed November 9, 2026).

Cal. Sept. 1, 2026) (denying EAJA fees based on the finding that the government's position was substantially justified but concluding that habeas petitions challenging immigration detention are civil actions for purposes of the EAJA's fee shifting provision).

According to the declaration of attorney Victoria Petty, as counsel for Petitioner, she spent approximately 58.9 hours on tasks associated with litigating the merits of the case. (ECF No. 20-2.) The majority of those hours, 39.8 hours total, were expended between August 29, 2025, when she accepted the case due to the fact that Petitioner (who subsequently suffered a miscarriage) was pregnant and medically compromised, and September 20, 2025. (Id.)

After reviewing the record, the Court recommends that an award of EAJA fees to the prevailing Petitioner is proper. Based on the filings, the Court finds that the requested hours and hourly rates are reasonable. Therefore, the Court recommends that Petitioner is entitled to $15,223.29 in reasonable attorney fees:

| **Year** | **Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| 2025 | 48.1 | $258.46 | $12,431.93 |
| 2026 | 10.8 | $258.46 | $2791.37 |
| | | **Costs** | $5.00 |
| | | **TOTAL** | **$15,228.29** |

If Petitioner owes no debt subject to Treasury offset, the EAJA award may be made payable to Petitioner's attorney, based on Petitioner's assignment of EAJA fees to her attorney. If Petitioner owes a debt subject to Treasury offset, the EAJA award will be applied toward the debt, with the remaining balance, if any, paid to Petitioner. *See* Astrue, 560 U.S. at 596–98 (citing the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS:

1. Petitioner's motion for the award of attorneys' fees (ECF No. 20) be GRANTED:

a. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $15,223.29.

b. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

c. Petitioner's request for an additional award of $5.00 in costs under 28 U.S.C. § 1920 be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge